**Opinion filed April 25, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00064-CV

_____

## IN THE MATTER OF K.S.

**On Appeal from the County Court
Howard County, Texas
Trial Court Cause No. M-29954-F**

### MEMORANDUM OPINION

K.S. has filed an appeal from an order authorizing the administration of psychoactive medication—forensic. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 574.106, .108 (West 2017); *see also* TEX. CODE CRIM. PROC. ANN. ch. 46B (West 2018). On appeal, Appellant presents one issue in which she challenges the legal and factual sufficiency of the evidence to support the trial court's order. We affirm.

*Background Facts*

Appellant suffers from delusional disorder and has, in the past, also been diagnosed with psychotic disorder and bipolar disorder. She has been charged with a crime, has been determined to be incompetent to stand trial, and is the subject of a court order for inpatient mental health services. Appellant was eventually sent to Big Spring State Hospital for treatment. While there, Appellant refused to take

certain medications, including antipsychotics, mood stabilizers, and an antidepressant. As a result, Dr. Feroz Yaqoob, a physician at Big Spring State Hospital, filed an application to obtain authorization from the county court to administer psychoactive medication to Appellant. *See* HEALTH & SAFETY § 574.104.

At the hearing on the application, Dr. Yaqoob testified that Appellant was at the hospital on a "46(B)" forensic commitment. *See* CRIM. PROC. ch. 46B (incompetency to stand trial). Dr. Yaqoob testified that he did not believe that Appellant had the capacity to understand the need for the medications that he proposed to administer to her: primarily antipsychotics, mood stabilizers, and an antidepressant. According to Dr. Yaqoob, Appellant refuses to take any medications because she does not think that she has a mental illness. Dr. Yaqoob testified that, in his opinion, Appellant's chances to become competent to stand trial will increase with the medications that he proposes to administer to Appellant. He also testified that the proposed medications had been proven to be safe and effective for Appellant's diagnosis.

Appellant testified at the hearing that neither Dr. Yaqoob nor the nurses had requested that she "take any medicine at all." However, she also testified that there was no reason for her to take medications. Appellant indicated that she was not delusional and that she was cooperative and very stable. She testified that she attended all of the competency classes and that she had no write-ups; she also indicated that she ran her own business.

In response to Appellant's testimony, Dr. Yaqoob reiterated that Appellant had refused to take her medications and that she lacked insight into her charges and her mental illness. He also stated that Appellant "does not engage in any rational conversation related to her charges." Although Appellant has apparently been charged with a felony, she thinks that she has been charged with misdemeanors, which she believes "were made up." Dr. Yaqoob had seen no improvement in

2

Appellant in the month that she had been at Big Spring State Hospital; he therefore sought authorization for court-ordered medications "as a last resort" to improve the chances of Appellant regaining competency. According to Dr. Yaqoob, Appellant has been in the system since 2013 and has not been able to regain competency at other facilities.

At the end of the hearing, the county court indicated that it was going to grant Dr. Yaqoob's request. In its written order, the county court found that Appellant "lacks the capacity to make a decision regarding administering of said medication" and that treatment with the proposed medication is in Appellant's "best interest."[1] The order authorizes the Texas Department of State Health Services to administer antipsychotics, anxiolytics/sedative/hypnotics, and mood stabilizers to Appellant.

*Analysis*

A court may issue an order authorizing the administration of one or more classes of psychoactive medication to a patient if the patient is under a court order to receive inpatient mental health services or if the patient is in custody awaiting trial in a criminal proceeding and was ordered to receive inpatient mental health services in the six months preceding a hearing under this section. HEALTH & SAFETY § 574.106(a). Before entering such an order, the court must hold a hearing. *Id.* § 574.106(c). The court may issue an order authorizing the mental health care provider to administer psychoactive medication under Section 574.106 only if the court finds by clear and convincing evidence:

>     (1) that the patient lacks the capacity to make a decision regarding the administration of the proposed medication and treatment with the proposed medication is in the best interest of the patient; or

>     (2) if the patient was ordered to receive inpatient mental health services by a criminal court with jurisdiction over the patient, that

---

[1] We note that the written order also indicated, as an alternative finding, that Appellant presented a danger to herself or others. There was no evidence to support such a finding.

treatment with the proposed medication is in the best interest of the patient and either:

> (A) the patient presents a danger to the patient or others in the inpatient mental health facility in which the patient is being treated as a result of a mental disorder or mental defect as determined under Section 574. 1065; or

> (B) the patient:

>> (i) has remained confined in a correctional facility, as defined by Section 1.07, Penal Code, for a period exceeding 72 hours while awaiting transfer for competency restoration treatment; and

>> (ii) presents a danger to the patient or others in the correctional facility as a result of a mental disorder or mental defect as determined under Section 574.1065.

*Id.* § 574.106(a-1).

Capacity under Section 574.106(a-1)(1) means the patient's ability to "understand the nature and consequences of a proposed treatment, including the benefits, risks, and alternatives to the proposed treatment" and to "make a decision whether to undergo the proposed treatment." *Id.* § 574.101(1). In making a best interest finding, the court "shall consider" (1) the patient's expressed preferences regarding treatment with psychoactive medication, (2) the patient's religious beliefs, (3) the risks and benefits of the medication—from the perspective of the patient, (4) the consequences to the patient if the psychoactive medication is not administered, (5) the prognosis for the patient if treated with psychoactive medication, (6) less intrusive alternative treatments likely to produce the same results as the psychoactive medication, and (7) less intrusive treatments likely to secure the patient's agreement to take the psychoactive medication. *Id.* § 574.106(b).

Section 574.106 requires proof by clear and convincing evidence. *Id.* § 574.106(a-1). Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979) (per curiam). Because of the heightened burden of proof, we must apply a heightened standard of review on appeal. *See In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). To conduct a legal sufficiency review in a case where the burden of proof is by clear and convincing evidence, we must consider all of the evidence in the light most favorable to the finding and determine whether a reasonable trier of fact could have formed a firm belief or conviction as to the truth of its findings. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002); *see In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005); *Addington*, 588 S.W.2d at 570. To conduct a factual sufficiency review, we must consider the evidence that the trier of fact could reasonably have found to be clear and convincing and then determine whether, based on the entire record, the trier of fact could have reasonably formed a firm conviction or belief that the allegations in the application had been proved. *J.F.C.*, 96 S.W.3d at 266.

Appellant argues that the county court's order is not supported by clear and convincing evidence. Appellant points to the absence of her medical records from other hospitals and the absence of a court order for inpatient treatment. However, it was not disputed at the hearing that Appellant had been determined to be incompetent to stand trial and that she had been sent to Big Spring State Hospital for treatment; Dr. Yaqoob indicated that Appellant was there on a Chapter 46B commitment. Chapter 46 comes into play when a defendant has been charged with a crime punishable by confinement and has been found to be incompetent to stand trial for that crime. *See* CRIM. PROC. arts. 46B.002, .071, .073. Dr. Yaqoob acknowledged that he did not have all of Appellant's medical records from other hospitals where she had been treated. The absence of these medical records does not

equate to a lack of evidence regarding Appellant's best interest and Appellant's capacity to make a decision regarding the administration of the proposed medication pursuant to Section 574.106(a-1)(1). Dr. Yaqoob specifically testified that Appellant lacked the capacity to understand the need for the medications. He also said that the medications are safe and effective for treating Appellant's mental illness and that Appellant's chances of regaining competency will increase with the medications. The county court, as the factfinder at the hearing, was free to believe Dr. Yaqoob's testimony and to reject Appellant's. *See In re S.P.*, 444 S.W.3d 299, 303 (Tex. App.—Fort Worth 2014, no pet.) ("We must not supplant the trial court's judgment with our own. The factfinder is the sole judge of the credibility of witnesses and the weight to be given their testimony." (footnote omitted)).

We have reviewed the entire appellate record in this cause, and we conclude that a reasonable trier of fact could have formed a firm belief or conviction as to the truth of the findings made by the county court in this case pursuant to Section 574.106(a-1)(1) of the Health & Safety Code. *See id.* Accordingly, we hold that the evidence is legally and factually sufficient to support the order authorizing the administration of psychoactive medication, and we overrule Appellant's sole issue on appeal.

## *This Court's Ruling*

We affirm the order of the trial court.


April 25, 2019                                             JOHN M. BAILEY

Panel consists of: Bailey, C.J.,                          CHIEF JUSTICE
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.